Alfred HENDERSON, Petitioner–
Appellant

v.

William STEPHENS, Director, Texas
Department of Criminal Justice, Cor-
rectional Institutions Division, Re-
spondent–Appellee.

No. 14–20436.

United States Court of Appeals,
Fifth Circuit.

March 23, 2015.

Before DAVIS, CLEMENT, and
COSTA, Circuit Judges.

PER CURIAM: *

Alfred Henderson, Texas prisoner
# 714885, moves for a certificate of appeal-
ability (COA) to appeal the dismissal with-
out prejudice for failure to exhaust state
court remedies of his 28 U.S.C. § 2254
application challenging his conviction for
robbery—bodily injury. He also moves
for leave to supplement his COA motion.
Henderson argues that he should be ex-
cused from the exhaustion requirement of
§ 2254(b)(1)(A). He notes that his state
habeas application has been pending since
December 2012, and the state courts have
yet to resolve the application.

In order to obtain a COA, Henderson
must make "a substantial showing of the
denial of a constitutional right." 28 U.S.C.
§ 2253(c)(2); *Slack v. McDaniel*, 529 U.S.
473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542
(2000). An applicant must demonstrate
that reasonable jurists would find it debat-
able whether the § 2254 application states
a valid claim of the denial of a constitution-
al right and whether the district court was
correct in its procedural ruling. *Slack*, 529
U.S. at 484, 120 S.Ct. 1595.

Exhaustion may be excused in excep-
tional circumstances, including "when the
state system inordinately and unjustifiably
delays review of a petitioner's claims so as
to impinge upon his due process rights"
and when it would be futile to seek state
remedies. *Deters v. Collins*, 985 F.2d 789,
795–96 (5th Cir.1993). Failure to exhaust
under these circumstances, however, will
only be excused if the delay is "wholly and
completely the fault of the state." *Id.* at
796. In determining whether the delay is
violative of due process, the following fac-
tors are examined: (1) the length of the
delay; (2) the reasons for the delay; (3)
the petitioner's assertion of his right; and
(4) the prejudice to the petitioner on ac-
count of the delay. *Barker v. Wingo*, 407
U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d
101 (1972).

Henderson's state habeas application
has been pending for more than two years,
which exceeds the range we have previous-
ly considered excessive. *See, e.g., Shelton
v. Heard*, 696 F.2d 1127, 1128–29 (5th Cir.
1983); *Breazeale v. Bradley*, 582 F.2d 5, 6
(5th Cir.1978). The record contains no
explanation for the delay and no informa-
tion regarding the progress of the pro-
ceedings. In light of the lack of evidence
regarding the current state of Henderson's
state habeas proceedings and the lack of
findings regarding whether the reason for
the delay was justifiable, the district
court's procedural determination is debata-

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

ble. *See Slack*, 529 U.S. at 484, 120 S.Ct. 1595. Additionally, "the district court pleadings, the record, and the COA application demonstrate that reasonable jurists could debate whether [Henderson] has made a valid claim of a constitutional deprivation." *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir.2004).

Henderson's motion to supplement his COA application is GRANTED. His motion for a COA is GRANTED, the district court's judgment dismissing the motion as untimely is VACATED, and the matter is REMANDED for further factual development regarding whether the delay in considering his state habeas application is justifiable and the current status of the proceedings. *See id.; Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir.1998). If the delay is not justifiable and the matter has not progressed in the state courts, the district court shall proceed to consider the merits of the federal habeas application.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.